IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAMAR SAMUELS, | : | CIVIL ACTION NO. **3:CV-12-2320** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| MONROE COUNTY, *et al.*, | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On November 20, 2012, Plaintiff, Kamar Samules, a resident at P.O. Box 897, East Stroudsburg, PA, filed, *pro se,* the above-captioned §1983 civil rights action against Defendants Monroe County, Pocono Mountain Regional Police Department ("PMRP"), Harry Lewis and David W. Schmidt. (Doc. 1). Plaintiff paid the filing fee and he served Defendants with the Summons and his Complaint.

In his Complaint, Plaintiff basically alleges that Defendants maliciously prosecuted him when Defendant PMRP Officer Schmidt issued him three (3) traffic citations on July 6, 2011. In particular, Plaintiff was cited by Defendant PMRP Officer Schmidt for three summary traffic violations, speeding, careless driving and not wearing a seatbelt. Plaintiff also claims that Defendant PMRP Officer Schmidt maliciously issued a disorderly conduct citation against him on July 22, 2011.[1] Plaintiff avers that the Monroe County Court of Common Pleas found him guilty of the

---

[1] Defendant Monroe County notes that the Monroe County Criminal Docket for the disorderly conduct citation PMRP Officer Schmidt maliciously issued against Plaintiff on July 22, 2011, does not indicate that Plaintiff ever had a hearing on the merits of the charge. (Doc. 7, p. 4 n. 3).

citations. However, Plaintiff alleges that on appeal to the PA Superior Court, the decision of the Monroe County Court of Common Pleas was reversed due to a statute of limitations issue. Thus, Plaintiff claims that all four Defendants maliciously prosecuted him regarding the summary offense citations issued against him and that this caused him to suffer severe emotional distress. Plaintiff claims that Defendants violated his Fourteenth Amendment rights. As relief, Plaintiff seeks compensatory and punitive damages from all four Defendants.[2]

In response to the Complaint, Defendant Monroe County filed a Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), on December 18, 2012. **(Doc. 5)**. On December 21, 2012, Defendants PMRP, Lewis and Schmidt jointly filed a Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. 6). Defendant Monroe County filed its support brief on December 26, 2012. (Doc. 7).

On December 28, 2012, Plaintiff filed a 1-page Motion for Leave to Amend his Complaint by adding one new Defendant, namely Assistant District Attorney ("ADA") Barbara Fitzgerald, who was the prosecuting attorney in his underlying Monroe County criminal prosecution. (Doc. 8). Plaintiff also filed a 2-page support brief with an attached proposed Amended Complaint. (Doc. 9). On January 2, 2013, Defendant Monroe County filed an opposition brief to Plaintiff's Motion to Amend. (Doc. 10). Defendants PMRP, Lewis and Schmidt also filed their opposition brief on January 2, 2013. (Doc. 11). Defendants stated that it would be futile for the court to allow Plaintiff to amend his Complaint to add ADA Fitzgerald as a Defendant since she was entitled to

---

[2]Since Defendant Monroe County details the complete claims of Plaintiff in his Complaint as well as the cites to the County Court records in its brief in support of its unopposed Motion to Dismiss, we do not fully repeat them herein. (Doc. 7, pp. 2-6).

2

prosecutorial immunity with respect to Plaintiff's damages claims.

On January 2, 2013, we issued an Order and denied Plaintiff 's Motion to Amend his Complaint. (Doc. 13). We agreed with Defendants and found that it was futile to allow Plaintiff to amend his Complaint to add ADA Fitzgerald as a Defendant since she was entitled to prosecutorial immunity with respect to Plaintiff's claims for damages. In his proposed Amended Complaint, Plaintiff only sought damages as against all Defendants. (Doc. 9-1, p. 8).

The issue arose as to whether Plaintiff's claims, insofar as he was only seeking damages against ADA Fitzgerald in his proposed Amended Complaint, should be dismissed because prosecutors enjoy absolute immunity when performing official duties during a criminal prosecution of a defendant. *See Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984 (1976)*; Yarris v. County of Delaware,* 465 F.3d 129, 136 (3d Cir. 2006)(Absolute immunity applies to any acts the prosecutor takes "as the state's advocate")*; Sanders v. Downs*, 420 Fed.Appx. 175, 180 (3d Cir. 2011)(citation omitted).

We stated that a District Attorney is entitled prosecutorial immunity with respect to a Plaintiff's request for monetary damages if they are based on the District Attorney's performance of his or her official duties in prosecuting Plaintiff. *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007); *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Radocesky v. Munley*, 247 Fed. Appx. 363, 365 (3d Cir. 2007)("The decision whether or not to initiate or prosecute a case is completely discretionary with prosecutors and also is absolutely immunized from a suit for damages.")(citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)). We found that Plaintiff's allegations against ADA Fitzgerald in his proposed Amended Complaint all related to her performance of her official duties

3

in prosecuting Plaintiff. We found that it was clear that ADA Fitzgerald's involvement with Plaintiff's claim was as the prosecutor in Plaintiff's Monroe County Court criminal case. Thus, we found that the claim Plaintiff was attempting to assert against Defendant ADA Fitzgerald in his proposed Amended Complaint was closely tied to the judicial phase of the criminal proceedings filed against Plaintiff in his criminal case as to render her absolutely immune from any request for money damages Plaintiff was making. *See Imbler v. Pachtman,* 424 U.S. at 421. Thus, we denied Plaintiff's Motion to Amend his Complaint.

In our January 2, 2013 Order, we also directed Plaintiff to file his brief in opposition to Defendant Monroe County's Doc. 5 Motion to Dismiss his original Complaint within ten (10) days of the date of this Order.

On January 10, 2013, Plaintiff filed his opposition brief to the Doc. 6 Motion to Dismiss his original Complaint of Defendants PMRP, Lewis and Schmidt. (Doc. 16). The Motion to Dismiss of Defendants PMRP, Lewis and Schmidt (Doc. 6) is not yet ripe.

To date, Plaintiff has not filed his opposition brief to Defendant Monroe County's Doc. 5 Motion to Dismiss his original Complaint. Plaintiff 's opposition brief was due January 13, 2013, and Plaintiff did not request another extension of time to file it. Thus, we shall deem Plaintiff as not opposing Defendant Monroe County's Doc. 5 Motion to Dismiss pursuant to Local Rule 7.6, M.D. Pa. Additionally, we find merit to Defendant Monroe County's Doc. 5 Motion to Dismiss.

**II. Section 1983.**

As mentioned, Plaintiff Samuels filed this case as a § 1983 civil rights action. In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct

complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[3] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M.D. Pa. 2005).

## III. Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just

---

[3]As indicated above, the two individual Defendants are state actors and, Defendants PMRP and Monroe County are municipal agencies for present purposes. As such, Defendants PMRP and Monroe County can only be held liable in a §1983 action under *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

5

a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

*See also Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009).

## IV. Discussion.

As stated, Plaintiff asserts a malicious prosecution claim against each Defendant under §1983. In *Nicholas v. Heffner,* 2011 WL 5057083, *4 (M.D. Pa. 10-3-11) adopted by 2011 WL 5025897 (10-21-11), the Court stated:

> it is a legal prerequisite to a civil rights claim in this setting based upon allegations of false arrest or malicious prosecution that the plaintiff show that the criminal proceedings have terminated in his favor. Indeed, it is well-settled that "[t]o prove malicious prosecution under .,., a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) *the criminal proceeding ended in plaintiff's favor;* (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing

6

> the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."
> *Estate of Smith v. Marasco,* 318 F.3d 497, 521 (3d Cir.2003) (emphasis added)

In the present case, it is not disputed that Plaintiff ultimately prevailed with respect to the three citations issued against by Defendant Schmidt, since the Superior Court (on August 8, 2012) reversed Plaintiff's convictions based on the expiration of the statute of limitations. (Doc. 7, p. 5).

We now consider the unopposed Motion to Dismiss of Defendant Monroe County. Plaintiff basically alleges that Defendant Monroe County as well as Defendant PMRP failed to properly train Defendant Officer Schmidt and Monroe County ADA Fitzgerald. As indicated, we denied Plaintiff's motion to amend his Complaint to add ADA Fitzgerald as a Defendant in this matter.

Initially, Defendant Monroe County argues that it does not have authority over the District Attorney's Office or PMRP as to how they prosecute criminal cases. We agree with Defendant Monroe County that the Monroe County District Attorney's Office is an agent of the Commonwealth of Pennsylvania and not of Monroe County with respect to prosecutorial actions. However, the Defendant County can be liable when the District Attorney's Office takes actions as a county policymaker. *See Spiess v. Pocono Mountain Regional Police Department*, 2010 WL 2985959, *7-*8 (M.D. Pa. July 26, 2010)("a district attorney's actions in prosecuting a criminal case are a function of the state for purposes of municipal liability.")(citation omitted). When the District Attorney performs administrative tasks unrelated to his/her prosecutorial functions, the county prosecutor acts as a county officer. *Id*. Thus, Defendant Monroe County cannot be held labile for actions taken by the District Attorney's Office relating to prosecution. We find that in our case, Plaintiff is suing Defendant Monroe County for its alleged lack of supervisory actions

7

over ADA Fitzgerald, and as such, Plaintiff's claim relates to the County's alleged failure to perform administrative tasks. Therefore, the County can be liable in this case under *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *Id.*

We agree with Defendant Monroe County and find that Plaintiff has not stated a constitutional claim against it under *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Since Defendant Monroe County is a municipality, the standards annunciated in *Monell* apply to it. *See Malles v. Lehigh County*, 639 F.Supp.2d 566 (E.D. Pa. 2009); *Spiess v. Pocono Mountain Regional Police Department*, 2010 WL 2985959, *7-*8. Thus, we find that Plaintiff has not properly stated a constitutional claim under *Monell* against Defendant Monroe County. Defendant Monroe County cannot be held liable for the conduct of persons it supervises pursuant to *respondeat superior*. *Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9 (M.D. Pa.).[4] Rather, Defendant Monroe County"[is] subject to liability [in a §1983 action] to the extent [it] maintain[ed] an unconstitutional custom or policy that caused the alleged constitutional violation." *Id.* (citation omitted).

In *Mangus*, the Court stated:

With respect to such institutional defendants it is clear that a County cannot cannot be held liable for the unconstitutional acts of its employees on the theory of respondeat superior. *See Monnell v. Department of Social Servs*., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, [a plaintiff] must demonstrate that the violation of his rights was caused by either a policy or a custom of the [county]. *See Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir.1996). *Berg v. County of Allegheny,* 219 F.3d 261, 275 (3d Cir.2000).

---

[4]*See also Mangus v. DCP*, 2010 WL 521114, *8-*6 (M.D. Pa.).

2010 WL 521114, *3.

Additionally, if the policy at issue relates to a failure to train or supervise county employees, such as in the instant case, "liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)(citation omitted); *Spiess v. Pocono Mountain Regional Police Department*, 2010 WL 2985959, *8. Further, Plaintiff "must show causation." *Spiess v. Pocono Mountain Regional Police Department*, 2010 WL 2985959, *8. "Liability exists only when 'there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" *Id.*(citations omitted).

No such custom or policy is specifically alleged by Plaintiff with respect to Defendant Monroe County. In fact, Defendants PMRP, Lewis and Schmidt were not even employees of Monroe County. Plaintiff does not make any allegations as described above against Defendant Monroe County necessary to make it subject to liability in this case. Based on *Malles and Meyers*, as well as *Magnus*, we find Plaintiff's allegations do not sufficiently state that Defendant Monroe County caused any alleged conduct of any individual by having customs, policies, practices and procedures, and how these policies gave rise to violations of his constitutional rights. Thus, we will recommend that Defendant Monroe County be dismissed with prejudice. Based on the stated reasons as to why Plaintiff's Complaint fails as against Defendant Monroe County as well as Plaintiff's failure to oppose the Motion to Dismiss of Defendant Monroe County, we find futility in allowing Plaintiff to amend his

Complaint to properly state a *Monell* claim against this Defendant. The Third Circuit has held that a Plaintiff whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

Moreover, Plaintiff cannot recover punitive damages as against Defendant Monroe County. The Supreme Court has determined that, absent a statute to the contrary, punitive damages cannot be awarded against a government entity in a §1983 action. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. 2748 (1981); *Pirino v. Scranton Police Dept.*, 2005 WL 3006983, *4 (M.D. Pa. 11-9-05)("A municipality may not be held liable for punitive damages under §1983")(citation omitted). Thus, Plaintiff's claim for punitive damages against Defendant Monroe County should be dismissed with prejudice. We find it would be futile to allow Plaintiff to amend her Amended Complaint to seek punitive damages against Defendant Monroe County. *See City of Newport, supra*.

Thus, we will recommend that the unopposed Motion to Dismiss Plaintiff's Complaint of Defendant Monroe County (Doc. 5) be granted and that this Defendant be dismissed with prejudice.

## V. Recommendation.

Based on the foregoing, it is respectfully recommended that the unopposed Motion to Dismiss Plaintiff 's Complaint of Defendant Monroe County **(Doc. 5)** be granted and that this Defendant be dismissed with prejudice.

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated:   January 18**, **2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAMAR SAMUELS, | : | CIVIL ACTION NO. **3:CV-12-2320** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| MONROE COUNTY, *et al.*, | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 18, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objection to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                 **s/ Thomas M. Blewitt**
                                 **THOMAS M. BLEWITT**
                                 **United States Magistrate Judge**

**Dated: January 18 , 2013**