IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAMAR SAMUELS, | : | CIVIL ACTION NO. **3:CV-12-2320** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| MONROE COUNTY, *et al.*, | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I.     Background.**

On November 20, 2012, Plaintiff, Kamar Samules, a resident at P.O. Box 897, East Stroudsburg, PA, filed, *pro se,* the above-captioned §1983 civil rights action against Defendants Monroe County, Pocono Mountain Regional Police Department ("PMRP"), Harry Lewis and David W. Schmidt. (Doc. 1).    Plaintiff paid the filing fee and he served Defendants with the Summons and his Complaint.

In his Complaint, Plaintiff basically alleges that Defendants maliciously prosecuted him when Defendant PMRP Officer Schmidt issued him three (3) traffic citations on July 6, 2011.   In particular, Plaintiff was cited by Defendant PMRP Officer Schmidt for three summary traffic violations, speeding, careless driving and not wearing a seatbelt. Plaintiff also claims that Defendant PMRP Officer Schmidt maliciously issued a disorderly conduct citation against him on July 22, 2011.[1]   Plaintiff avers that the Monroe County Court of Common Pleas found him guilty of the

---

[1]As we previously noted, former Defendant Monroe County indicated that the Monroe County Criminal Docket for the disorderly conduct citation PMRP Officer Schmidt issued against Plaintiff on July 22, 2011, did not indicate that Plaintiff ever had a hearing on the merits of the charge. (Doc. 7, p. 4 n. 3).

citations. However, Plaintiff alleges that on appeal to the PA Superior Court, the decision of the Monroe County Court of Common Pleas was reversed due to a statute of limitations issue. Thus, Plaintiff claims that all four Defendants maliciously prosecuted him regarding the summary offense citations issued against him and that this caused him to suffer severe emotional distress. Plaintiff claims that Defendants violated his Fourteenth Amendment rights. As relief, Plaintiff seeks compensatory and punitive damages from all four Defendants.

In response to the Complaint, Defendant Monroe County filed a Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), on December 18, 2012. (Doc. 5). On December 21, 2012, Defendants PMRP, Lewis and Schmidt jointly filed a Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6). **(Doc. 6).** We collectively refer to Defendants PMRP, Lewis and Schmidt herein as "PMRP Defendants." PMRP Defendants filed their support brief on January 4, 2013. (Doc. 14). Plaintiff filed his opposition brief on January 10, 2013. (Doc. 16). PMRP Defendants did not file a reply brief. Thus, PMRP Defendants' Doc. 6 motion is ripe for disposition.

On December 28, 2012, Plaintiff filed a 1-page Motion for Leave to Amend his Complaint by adding one new Defendant, namely Assistant District Attorney ("ADA") Barbara Fitzgerald, who was the prosecuting attorney in his underlying Monroe County criminal prosecution. (Doc. 8).

On January 2, 2013, we issued an Order and denied Plaintiff's Motion to Amend his Complaint. (Doc. 13).

Plaintiff failed to file his opposition brief to Defendant Monroe County's Doc. 5 Motion to Dismiss his original Complaint. On January 18, 2013, we issued a Report and Recommendation ("R&R") and recommended that Defendant Monroe County's Doc. 5 Motion to Dismiss be granted.

(Doc. 17). The Court adopted our R&R on February 8, 2013, and granted Defendant Monroe County's Doc. 5 Motion to Dismiss. Also, Defendant Monroe County was dismissed with prejudice. (Doc. 18).

We now consider PMRP Defendants' Doc. 6 Motion to Dismiss.

**II.    Section 1983.**

As mentioned, Plaintiff Samuels filed this case as a § 1983 civil rights action. In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[2] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M.D. Pa. 2005).

**III.    Motion to Dismiss Standard.**

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

---

[2] As indicated above, the two individual Defendants are state actors and, Defendant PMRP is a municipal agency for present purposes. As such, Defendant PMRP can only be held liable in a §1983 action under *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at \*2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

*See also Williams v. Hull,* 2009 WL 1586832, \*2-\*3 (W.D. Pa. 2009).

## IV. Discussion.

Plaintiff alleges that on June 5, 2011, Defendant PMRP Officer Schmidt stopped his vehicle and cited him for disobedience to traffic control devices. Plaintiff avers that he declined the citation and that it was never filed by Defendant Schmidt. Subsequently, Plaintiff states that he made several attempt to find out the status of the citation, and that in mid-July 2011, he received *via* certified mail three citations. (Doc. 1, p. 3). Specifically, Plaintiff was cited by Defendant PMRP Officer Schmidt for three summary traffic violations, speeding, careless driving and not wearing a seatbelt. The citations were filed on July 6, 2011. Plaintiff avers that "Defendant [PMRP Officer Schmidt] filed [the three summary traffic] citations with an ulterior motive and malice against Plaintiff knowing there was no legal basis for their actions and tickets were all filed beyond the applicable PA statute of limitations and no probable cause existed for initial traffic stop." (*Id.*, p. 4).

Plaintiff states that on July 22, 2011, he went to Judge Fluegel's office to plead not guilty to the citations and he had a verbal confrontation with the clerks in the office. Plaintiff then claims that Defendant PMRP Officer Schmidt maliciously issued a disorderly conduct citation against him arising from the July 22, 2011 incident, which he received in the mail. (Id., pp. 4-5). Plaintiff states that he later attended a hearing in Judge Olsen's office on the disorderly conduct citation and that the case ended in his favor. (*Id.*, pp. 5-6).

Plaintiff had a trial before Judge Fluegel on the 3 initial citations and he was found guilty. Plaintiff filed a summary appeal to the Monroe County Court of Common Pleas. Plaintiff avers that the Monroe County Court of Common Pleas found him guilty of the citations. (*Id.*, pp. 5-6).

5

However, Plaintiff alleges that he appealed to the PA Superior Court, and that on August 8, 2012, the decision of the Monroe County Court of Common Pleas was reversed due to a statute of limitations issue. (*Id.*, pp. 6-7).

Plaintiff alleges that the conduct of PMRP Defendants violated his Fourth and Fourteenth Amendment rights. Plaintiff states that he suffered damages as well as emotional distress. In his sole Count of his Complaint, Plaintiff raises a malicious prosecution claim under §1983 against PMRP Defendants. (*Id.*, pp. 7-9). As relief, Plaintiff seeks compensatory and punitive damages against PMRP Defendants.

In their brief in support of their Motion to Dismiss, PMRP Defendants argue that Plaintiff failed to state a *Monell* claim against Defendant PMRP, that Plaintiff cannot seek punitive damages against Defendant PMRP, and that Plaintiff has failed to state a cognizable malicious prosecution claim against them since he did not sustain any deprivation of liberty consistent with the concept of seizure. (Doc. 14, p. p. 4). As PMRP Defendants point out, Plaintiff does not allege that he was ever arrested, handcuffed, or incarcerated regarding the June 5, 2011 traffic stop and the issuance of all of the citations against him *via* certified mail. Thus, Plaintiff was never seized in this case nor deprived of his liberty.

As stated, Plaintiff asserts only a malicious prosecution claim under §1983 against PMRP Defendants. In *Nicholas v. Heffner*, 2011 WL 5057083, *4 (M.D. Pa. 10-3-11) adopted by 2011 WL 5025897 (10-21-11), the Court stated:

> it is a legal prerequisite to a civil rights claim in this setting based upon allegations of false arrest or malicious prosecution that the plaintiff show that the criminal proceedings have terminated in his favor. Indeed, it is well-settled that "[t]o prove malicious prosecution under .,., a plaintiff must show that: (1)

> the defendants initiated a criminal proceeding; (2) *the criminal proceeding ended in plaintiff's favor;* (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."
> *Estate of Smith v. Marasco,* 318 F.3d 497, 521 (3d Cir.2003) (emphasis added)

(emphasis added). *See also Abdullah v. Fetrow*, 2007 WL 2844960, *9 ("Claims of false arrest pursuant to §1983 require a Plaintiff to show that he or she was arrested without probable cause.")(citations omitted).

In the present case, it is not disputed that Plaintiff ultimately prevailed with respect to the three citations issued against him by Defendant Officer Schmidt, since the PA Superior Court (on August 8, 2012) reversed Plaintiff's summary convictions based on the expiration of the statute of limitations. Plaintiff also alleges that he prevailed on the later disorderly conduct citation regarding the July 22, 2011 incident in Judge Fluegel's office which was also mailed to him.

We now consider the opposed Motion to Dismiss of PMRP Defendants.

Initially, we agree with PMRP Defendants and find that Plaintiff has not stated a constitutional claim against Defendant PMRP under *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Since Defendant PMRP is a municipal agency, the standards annunciated in *Monell* apply to it. *See Malles v. Lehigh County*, 639 F.Supp.2d 566 (E.D. Pa. 2009); *Spiess v. Pocono Mountain Regional Police Department*, 2010 WL 2985959, *7-*8. We agree with PMRP Defendants and find that Plaintiff has not properly stated a constitutional claim under *Monell* against Defendant PMRP. Defendant PMRP cannot be held liable for the conduct of persons it supervises pursuant to *respondeat superior*. *Meyers v. Schuylkill*

*Co. Prison*, 2006 WL 559467, *9 (M.D. Pa.).³ Rather, Defendant PMRP"[is] subject to liability [in a §1983 action] to the extent [it] maintain[ed] an unconstitutional custom or policy that caused the alleged constitutional violation." *Id.* (citation omitted).

In *Mangus*, the Court stated:

> With respect to such institutional defendants it is clear that a County cannot be held liable for the unconstitutional acts of its employees on the theory of respondeat superior. *See Monnell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, [a plaintiff] must demonstrate that the violation of his rights was caused by either a policy or a custom of the [county]. *See Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir.1996). *Berg v. County of Allegheny,* 219 F.3d 261, 275 (3d Cir.2000).

2010 WL 521114, *3.

Additionally, if the policy at issue relates to a failure to train or supervise county employees, such as in the instant case, "liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)(citation omitted); *Spiess v. Pocono Mountain Regional Police Department*, 2010 WL 2985959, *8. Further, Plaintiff "must show causation." *Spiess v. Pocono Mountain Regional Police Department*, 2010 WL 2985959, *8. "Liability exists only when 'there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" *Id.*(citations omitted).

No such custom or policy is specifically alleged by Plaintiff in his Complaint with respect to Defendant PMRP. Plaintiff does not make any allegations as described above against Defendant

---

³*See also Mangus v. DCP*, 2010 WL 521114, *8-*6 (M.D. Pa.).

8

PMRP necessary to make it subject to liability in this case. Plaintiff argues that he alleged in his Complaint that he was pulled over four times between December 2010 and December 2011 by officers of Defendant PMRP under suspicion of driving under the influence and that in all four instances he did not consume any alcohol. Plaintiff also states that he alleged he was followed for miles on several occasions. (Doc. 1, p. 4, ¶ 13). In light of the foregoing case law, we do not find that these allegations in Plaintiff's Complaint sufficiently state a constitutional claim under Monell against Defendant PMRP.

Based on *Malles, Meyers and Spiess,* as well as *Magnus*, we find Plaintiff's allegations do not sufficiently state that Defendant PMRP caused any alleged conduct of any individual by having customs, policies, practices and procedures, and how these policies gave rise to violations of his constitutional rights. Thus, we will recommend that Defendant PMRP be dismissed with prejudice. Based on the stated reasons as to why Plaintiff's Complaint fails as against Defendant PMRP, we find futility in allowing Plaintiff to amend his Complaint to properly state a *Monell* claim against this Defendant as well as undue prejudice to PMRP Defendants. The Third Circuit has held that a Plaintiff whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

Moreover, we agree with PMRP Defendants Plaintiff cannot recover punitive damages as against Defendant PMRP. The Supreme Court has determined that, absent a statute to the contrary, punitive damages cannot be awarded against a government entity in a §1983 action. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. 2748 (1981); *Pirino v. Scranton Police*

*Dept.*, 2005 WL 3006983, *4 (M.D. Pa. 11-9-05)("A municipality may not be held liable for punitive damages under §1983")(citation omitted). Thus, Plaintiff's claim for punitive damages against Defendant PMRP should be dismissed with prejudice. We find it would be futile to allow Plaintiff to amend her Amended Complaint to seek punitive damages against Defendant Monroe County. *See City of Newport, supra.*

Thus, we will recommend that the Motion to Dismiss Plaintiff's Complaint of PMRP Defendants (Doc. 6) be granted with respect to Defendant PMRP and that Defendant PMRP be dismissed with prejudice.

We now consider Plaintiff's malicious prosecution claim against Defendants Chief Lewis and Officer Schmidt.

In *Backof v. New Jersey State Police*, 2004 WL 260779 *3 (3d Cir. 2004), the Third Circuit Court stated, "[i]n order to state a claim for malicious prosecution under §1983, [Plaintiff] must allege deprivation of a qualifying constitutional right." *Id.* at *3 (citing *Donahue v. Gavin*, 280 F. 3d 371, 378 (3d Cir. 2002)); see also *Johnson v. Knorr*, 477 F. 3d 75, 82 (3d Cir. 2007).[4]

In our case, Plaintiff has alleged the violation of his constitutional rights under the Fourth Amendment. Plaintiff also alleges that he prevailed with respect to the citations issued against him.

---

[4]The *Backof* Court noted that the Plaintiff must demonstrate that he/she is actually innocent of the charged crime. *Backof,* 2004 WL 260779 *3**,** n. 7. Here, as stated, Plaintiff has undisputedly satisfied this element. *See Lopez v. Maczko*, 2007 WL 2461709, *3, n. 6 (E.D. Pa. 2007).

The Court in *Morley v. Phila. Police Dept.*, 2004 WL 1527829, * 5 (E. D. Pa.), stated:

> When alleging a Section 1983 malicious prosecution claim under the Fourth Amendment, the Court of Appeals for the Third Circuit ("Third Circuit") requires the showing of the common law elements and "the plaintiff must also establish that he was seized within the meaning of the Fourth Amendment." [FN10] *Id*. at 484 (citing *Gallo v. City of Phila.*, 161 F.3d 217 (3d Cir. 1998); *see also Donahue v. Gavin*, No. 98-1602, 2000 WL 772819, at * 3 (E.D. Pa. June 15, 2000) (stating that "[w]here a section 1983 claim for malicious prosecution is grounded in the Fourth Amendment, the Court of Appeals has required a plaintiff to establish – in addition to the elements of the common law tort – a deprivation of liberty which is consistent with the concept of 'seizure'"), *aff'd*, 280 F.3d 371 (3d Cir. 2002).

(Footnote omitted).

As PMRP Defendants correctly point out, Plaintiff clearly avers in his Complaint that he was issued all of the citations *via* certified mail and that he was not deprived of his liberty at any time as a result of the criminal proceedings initiated by Defendant Officer Schmidt. We agree with Defendants and find that *DiBella v. Borough of Beachwood*, 407 F. 3d 599 (3d Cir. 2005), is on point with our case.

In *DiBella*, the Court stated that "[t]he type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution itself." 407 F.3d at 603 (citation omitted).

The *DiBella* Court found that since the plaintiffs were only issued a summons, they were not arrested, they did not have to post bail, they were free to travel, and they did not have to report to pre-trial services, there was no seizure of plaintiffs sufficient to establish a Fourth Amendment violation with respect to a § 1983 malicious prosecution claim. *Id*. Plaintiff Samuels was not arrested, and he was not in pre-trial custody. Nor were there any onerous pre-trial, non-custodial

11

restrictions imposed on him. Plaintiff has thus failed to establish a Fourth Amendment seizure with respect to his § 1983 claim against PMRP Defendants.

Further, as the Court in *Hanks v. County of Delaware*, 518 F. Supp. 2d 642, 651 (E.D. Pa. 2007), stated, "mere attendance at a hearing, ... did not cause [Plaintiff ] to be 'seized.'" We find that the allegations in the Complaint, as discussed above, do not establish that our Plaintiff was ever taken into custody and that he suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *See DiBella, 407 F. 3d at 603; Hanks*, 518 F. Supp. 2d at 651; *Gallo,* 161 F. 3d at 222-223.

The Court stated in *Lopez v. Maczko*, 2007 WL 2461709, *3 (E.D. Pa. 2007):

> As to all the criminal charges, the plaintiff does not allege any facts that support he was seized as a consequence of a legal proceeding and, as a result, he fails to satisfy the fifth element of a federal malicious prosecution claim. *See Risich v. Bensalem Twp.,* No. 04-5305, 2005 U.S. Dist. LEXIS 2596, at *7-11 (E.D.Pa. Feb. 17, 2005) (discussing the seizure requirement for a Fourth Amendment malicious prosecution claim); *Godshalk v. Borough of Bangor,* No. 03-1465, 2004 U.S. Dist. LEXIS 7962, at *35-39 (E.D.Pa. May 5, 2004) (same). The legal proceedings were allegedly initiated by the defendants when they filed the police complaint, but the plaintiff's complaint does not contend that the defendants imposed any restrictions upon the plaintiffs' liberty after that point or after any arraignment or preliminary hearing. The only seizure alleged is the plaintiff's arrest and that occurred *prior* to the initiation of any criminal proceedings. *See Nudelman v. Borough of Dickson City Police Dep't,* No. 05-1362, 2006 U.S. Dist. LEXIS 22154, at *11-12 (M.D.Pa. Apr. 12, 2006) (citing *Singer v. Fulton County Sheriff,* 63 F.3d 110, 117 (2d Cir.1995)) (dismissing § 1983 malicious prosecution claim because plaintiff did not plead the requisite connection between the criminal citation and his seizure).

Plaintiff Samuels was not arrested, and he did not have to post bail, communicate with pre-trial services, and he had no travel or geographic restraints placed on him. We find no Fourth Amendment seizure of Plaintiff as a result of the citations filed against him by Defendant Officer

12

Schmidt.  *See Lopez*, 2007 WL 2461709, *4.

Thus, we will recommend that the Motion to Dismiss Plaintiff's Complaint of PMRP Defendants **(Doc. 6)** be granted and that these three (3) Defendants be dismissed with prejudice. Based upon the above, we find futility in allowing Plaintiff to file an amended Complaint with respect to his constitutional claim as against PMRP Defendants. *See Will*, *supra*; *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002)(*pro se* Complaints should not be dismissed without leave to amend unless "amendment would be inequitable or futile").

**V.     Recommendation.**

Based on the foregoing, it is respectfully recommended that the Motion to Dismiss Plaintiff's Complaint of PMRP Defendants **(Doc. 6)** be granted and that these three (3) Defendants be dismissed with prejudice.    It is further recommended that the Court close this case.


 **s/ Thomas M. Blewitt**
 **THOMAS M. BLEWITT**
 **United States Magistrate Judge**

**Dated:   March 28, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAMAR SAMUELS, | : | CIVIL ACTION NO. **3:CV-12-2320** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| MONROE COUNTY, *et al.*, | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 28, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objection to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

_____
    **s/ Thomas M. Blewitt**
    **THOMAS M. BLEWITT**
    **United States Magistrate Judge**

**Dated: March 28, 2013**